UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

XAVIER NICHOLS,
        PLAINTIFF,

VS.                                                   06-1197

MCLEAN COUNTY JAIL,
        DEFENDANT.

ORDER ON MERIT REVIEW

      This case was called for hearing to consider the merits of the plaintiff's complaint under the provisions of 42 U.S.C. §1983. The plaintiff appeared pro se by telephone conference. The plaintiff advised the court that his current place of incarceration is the Lawrence Correctional Center.

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The merit review standard is the same as a motion to dismiss standard.

      It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

      Taking the complaint at face value and assuming the facts alleged are true, the court draws the following inferences. The plaintiff, Xavier Nichols, was on July 17, 2006, in custody in the McLean County, Illinois jail. He brings this complaint under 42 U.S.C. §1983 naming the jail as the defendant[1] and alleges an incident in which he claims violations of his rights under the United States Constitution occurred. Nichols alleges that on the date in question he was in protective custody and another inmate, he calls him Mr. Barr, who was not in custody came past Nichol's cell and threw urine in Nichols' face. Nichols called for the custodial officers. Apparently a Corrections Officer Baxter responded. Nichols told Baxter what happened and, although it is not clear, disciplinary action was taken against Barr and Nichols. Nichols was

---

[1] The jail, of course, cannot be a defendant. Only individuals can be defendants.

found not guilty of any wrongdoing and Barr was found guilty and punished.  Nichols alleges that he told Sergeant Hughes, apparently a corrections supervisor at the jail, that he, Nichols, wanted to press criminal charges against Barr for assault. It is Nichols' contention that the refusal of the two corrections officers to assist him in bringing criminal charges against Barr was an infringement of Nichols' constitutional rights.  Nichols also alleges that while he was in protective custody, Barr was not, and had no right to be on Nichols' cell block where he could do what he did.  Nichols claims that Baxter was not doing his job of patrolling the cell block and keeping out other inmates who were not supposed to be in the protective custody wing.  As relief, Nichols writes that he would like $200,000.00.

Well, as unfortunate and offensive as Barr's conduct was, it does not lead to a valid claim of constitutional violation by Baxter and Hughes.  They would have to have been deliberately indifferent to Barr's conduct and been subjectively witting that it was likely to take place.  Nothing in Nichol's description of the occurrence could lead to that conclusion.  The claims of failure to make regular rounds to which Nichols alludes may, if true, have been a negligent performance by Baxter of his duties but certainly that failure was not a failure of constitutional magnitude.  No constitutional implications arise from Hughes' failure, if true,  to assist Nichols in bringing criminal charges against Barr.  No duty to do so can be inferred from the facts alleged by Nichols

A pretrial detainee's claim falls under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment, but "there is 'little practical difference between the two standards.'" *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.2d 1027 (7th Cir. 2000).  The standard is whether the defendants were deliberately indifferent.  Negligence alone does not violate the Eighth or Fourteenth Amendments.  *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to proceed *in forma pauperis* is granted [d/e 1].  The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist, the initial partial filing fee of $.67 (sixty-seven cents) from the plaintiff's trust fund account and pay it directly to the clerk of court.  Thereafter, the agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account.  The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee.
2) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  The clerk of the court is directed to terminate the plaintiff's entire lawsuit.
3) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the

|   |   |
|---|---|
| | plaintiff's strike in the three-strike log. |
| 4) | The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, currently the Lawrence Correctional Center, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change. |
| 5) | If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00. |

Entered this 29th day of August 2006.

s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE